**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLYE GILCHRIST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22 cv 00669 |
| | ) | |
| v. | ) | |
| | ) | |
| ZIP TRANSPORTATION, LLC, and | ) | |
| JASON PERLOW, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Kellye Gilchrist, individually and by her attorney, Bruce Winters of Legal Aid Society of Metropolitan Family Services, and complains against Defendants Zip Transportation, LLC ("Zip Transportation"), and Jason Perlow, individually, Ms. Gilchrist alleges as follows:

### PRELIMINARY STATEMENT

1.      This action is brought to remedy failure to pay Plaintiff the minimum wage and failure to pay Plaintiff overtime wages for all hours worked over forty in individual workweeks, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (IMWL).

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Ms. Gilchrist's FLSA claims pursuant to 28 U.S.C. § 1331 arising under 29 U.S.C. § 216(b) and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, as Ms. Gilchrist's employment by the Defendants occurred in the Northern District of Illinois, the facts and events

giving rise to Plaintiff's claims occurred in this judicial district, and Defendants maintained offices and transacted business within this jurisdiction.

## PARTIES

4.     Ms. Gilchrist was a resident of Cook County, Illinois, at all relevant dates and times and continues to be a resident of Cook County, Illinois. Ms. Gilchrist was employed by Zip Transportation as a driver for its taxi and transportation business.

5.     Zip Transportation, LLC, is an Illinois business headquartered in Oak Lawn, Illinois, that provides taxi and transportation services to its customers. Zip Transportation employed greater than 10 employees at all relevant times, including drivers, dispatch operators, and administrative staff. Zip Transportation was an employer of Ms. Gilchrist at all relevant dates and times. Upon information and belief, during all relevant dates and times, Zip Transportation had gross sales of greater than $500,000 per year and was engaged in interstate commerce.

6.     Jason Perlow is the principal or only owner and operator of Zip Transportation.  Mr. Perlow controlled and operated Zip Transportation. Mr. Perlow directed Ms. Gilchrist's work, and set her pay. Mr. Perlow was an employer of Ms. Gilchrist at all relevant dates and times.

## FACTUAL BACKGROUND

7.     On or about April 2019, Zip Transportation hired Ms. Gilchrist to work as a driver.

8.     Under the terms of Ms. Gilchrist's employment, Zip Transportation would provide and maintain automobiles for Ms. Gilchrist to drive during her shift.

9.     Ms. Gilchrist would drive customers as assigned by Zip Transportation's dispatchers. Ms. Gilchrist did not and was not permitted to drive customers other than as assigned by Zip Transportation's dispatchers.

2

10.     Under the terms of Ms. Gilchrist's employment, Ms. Gilchrist was required to accept any ride assigned to her by Zip Transportation's dispatchers.

11.     Under the terms of Ms. Gilchrist's employment, Zip Transportation profited from the taxi service by keeping half of all fares collected by Ms. Gilchrist during her shift.

12.     Upon information and belief, Zip Transportation's primary source of revenue was the fares paid by customers.

13.     Zip Transportation had two shift's for drivers. Drivers either worked from 6:00 a.m. to 6:00 p.m. or from 6:00 p.m. to 6:00 a.m. Drivers were required to complete any ride in progress when their shift ended.

14.     While shifts ended at 6:00 a.m. or 6:00 p.m., drivers typically did not finish their duties, including returning the vehicle to Zip Transportation and cashing out the shift's fares, until 30-60 minutes after their shift had ended.

15.     Under the terms of Ms. Gilchrist's employment, Ms. Gilchrist was required to return to Zip Transportation's office at the end of each shift to receive her half of the shift's fares from Zip Transportation.

16.     Under the terms of Ms. Gilchrist's employment, Ms. Gilchrist was required to return Zip Transportation's automobile with a full tank of gas at the end of her shift at her personal expense. If a vehicle was returned from a shift without a full tank of gas, Zip Transportation deducted the cost of gas from Ms. Gilchrist's half of that shift's fares.

17.     It was the custom and practice of Zip Transportation for drivers who's shifts had ended to be transported home by a driver from the next shift. Similarly, before their shifts, drivers would be picked up from their homes and taken to Zip Transportation by a driver working the previous shift.

18. When Ms. Gilchrist began working for Zip Transportation, she worked five shifts per week. While working five shifts per week, Ms. Gilchrist worked as few as 60 hours and as many as 70 hours per week.

19. Ms. Gilchrist earned, on average $100 per shift, after paying for gas.

20. On or about August 1, 2019, Ms. Gilchrist began working three shifts per week.

21. After August 1, 2019, Ms. Gilchrist worked as few as 36 hours and as many as 42 hours per week.

22. Ms. Gilchrist ended her employment with Zip Transportation in October 2019.

**COUNT I – VIOLATION OF THE FLSA, 29 U.S.C. § 206**
**ZIP TRANSPORTATION - FAILURE TO PAY MINIMUM WAGE**

23. Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

24. In the relevant time period, Zip Transportation engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

25. Ms. Gilchrist was not exempt from minimum wages under the FLSA.

26. Ms. Gilchrist was on average paid less than $7.25 per hour.

27. Zip Transportation and its officers were aware of the requirement to pay Ms. Gilchrist the minimum wage and willfully refused to do so.

28. As a direct and proximate result of the above alleged willful and reckless acts and omissions by Zip Transportation, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid minimum wages and interest;

B.  Grant Kellye Gilchrist liquidated damages;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE FLSA, 29 U.S.C. § 206
## JASON PERLOW - FAILURE TO PAY MINIMUM WAGE

29.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

30.     In the relevant time period, Zip Transportation engaged in interstate commerce within the meaning of the FLSA and had an annual gross volume of sales made or business done in excess of $500,000.

31.     Ms. Gilchrist was not exempt from minimum wages under the FLSA.

32.     Ms. Gilchrist was on average paid less than $7.25 per hour.

33.     Mr. Perlow hired Ms. Gilchrist, directed her work at Zip Transportation, scheduled her hours, and set her pay.

34.     Mr. Perlow was aware of the requirement to pay Ms. Gilchrist the minimum wage.

35.     Mr. Perlow, as Zip Transportation's principal owner and operator, willfully refused to pay Ms. Gilchrist the minimum wage.

36.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. Perlow, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid minimum wages and interest;

B.  Grant Kellye Gilchrist liquidated damages;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## COUNT III – VIOLATION OF THE FLSA, 29 U.S.C. § 207
## ZIP TRANSPORTATION - FAILURE TO PAY OVERTIME WAGES

37.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

38.     Ms. Gilchrist was not exempt from overtime wages under the FLSA, and Zip Transportation was not exempt from paying overtime wages under the FLSA.

39.     Ms. Gilchrist was not paid overtime wages for the hours she worked beyond 40 per week during her employment with Zip Transportation

40.     Zip Transportation and its officers were aware of the requirement to pay Ms. Gilchrist overtime wages and willfully refused to do so.

41.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Zip Transportation, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid overtime wages and interest;

B.  Grant Kellye Gilchrist liquidated damages;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

**COUNT IV – VIOLATION OF THE FLSA, 29 U.S.C. § 207**
**JASON PERLOW - FAILURE TO PAY OVERTIME WAGES**

42.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

43.     Ms. Gilchrist was not exempt from overtime wages under the FLSA, and Mr. Perlow and Zip Transportation were not exempt from paying overtime wages under the FLSA.

44.     Ms. Gilchrist was not paid overtime wages for the hours she worked beyond 40 per week during her employment with Zip Transportation.

45.     Mr. Perlow hired Ms. Gilchrist, directed her work at Zip Transportation, scheduled her hours, and set her pay.

46.     Mr. Perlow was aware of the requirement to pay Ms. Gilchrist overtime wages. Mr. Perlow, as Zip Transportation's principal owner and operator, willfully refused to pay Ms. Gilchrist overtime wages.

47.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. Perlow, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid minimum wages and interest;

B.  Grant Kellye Gilchrist liquidated damages;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

### COUNT V – VIOLATION OF THE IMWL, 820 ILCS § 105/4a
### ZIP TRANSPORTATION - FAILURE TO PAY OVERTIME WAGES

48.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

49.     Ms. Gilchrist was not exempt from overtime wages under the IMWL, and Zip Transportation was not exempt from paying overtime wages.

50.     Ms. Gilchrist was not paid overtime wages for the hours she worked beyond 40 per week.

51.     Zip Transportation and its officers were aware of the requirement to pay Ms. Gilchrist overtime wages and willfully refused to do so.

52.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Zip Transportation, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and treble damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid overtime wages;

B.  Grant Kellye Gilchrist treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## COUNT VI – VIOLATION OF THE IMWL, 820 ILCS § 105/4a
## JASON PERLOW - FAILURE TO PAY OVERTIME WAGES

53.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

54.     Ms. Gilchrist was not exempt from overtime wages under the IMWL, and Mr. Perlow and Zip Transportation were not exempt from paying overtime wages under the IMWL.

55.     Ms. Gilchrist was not paid overtime wages for the hours she worked beyond 40 per week.

56.     Mr. Perlow hired Ms. Gilchrist, directed her work at Zip Transportation, scheduled her hours, and set her pay.

57.     Mr. Perlow was aware of the requirement to pay Ms. Gilchrist overtime wages. Mr. Perlow, as Zip Transportation's principal owner and operator, willfully refused to pay Ms. Gilchrist her due overtime wages.

58.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Mr. Perlow, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid overtime wages and treble damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid overtime wages;

B.  Grant Kellye Gilchrist treble damages and 5% of the underpayment for each month following the date that overtime compensation was due;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## COUNT VII – VIOLATION OF THE IMWL, 820 ILCS § 105/4
## ZIP TRANSPORTATION - FAILURE TO PAY MINIMUM WAGES

59.     Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

60.     No exemption for minimum wage under the IMWL or its supporting rules applied to either Ms. Gilchrist or Zip Transportation.

61.     Ms. Gilchrist was entitled to be compensated at least the minimum wage rate pursuant to the IMWL.

62.     Ms. Gilchrist was on average paid less than $8.25 per hour.

63.     Zip Transportation and its officers were aware of the requirement to pay Ms. Gilchrist the minimum wage under the IMWL.

64.     Zip Transportation willfully refused to pay Ms. Gilchrist her due minimum wages.

65.     As a direct and proximate result of the above alleged willful and reckless acts and omissions by Zip Transportation, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and treble damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.  Grant Kellye Gilchrist damages in the amount of her unpaid minimum wages;

B.  Grant Kellye Gilchrist treble damages;

C.  Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.  Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## COUNT VIII – VIOLATION OF THE IMWL, 820 ILCS § 105/4
## JASON PERLOW - FAILURE TO PAY MINIMUM WAGES

66.　Paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

67.　No exemption for minimum wage under the IMWL or its supporting rules applied to either Ms. Gilchrist or Zip Transportation.

68.　Ms. Gilchrist was entitled to be compensated at least the minimum wage rate pursuant to the IMWL.

69.　Ms. Gilchrist was on average paid less than $8.25 per hour.

70.　Mr. Perlow was aware of the requirement to pay Ms. Gilchrist the minimum wage under the IMWL.

71.　Mr. Perlow willfully refused to pay Ms. Gilchrist her due minimum wages.

72.　As a direct and proximate result of the above alleged willful and reckless acts and omissions by Zip Transportation, Ms. Gilchrist suffered damages and is entitled to legal and equitable relief including unpaid minimum wages and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kellye Gilchrist, respectfully requests that this Honorable Court:

A.　Grant Kellye Gilchrist damages in the amount of her unpaid minimum wages;

B.　Grant Kellye Gilchrist treble damages;

C.　Grant Kellye Gilchrist attorneys' fees, costs, and disbursements, and;

D.　Grant Kellye Gilchrist such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

73.    Ms. Gilchrist requests a jury trial on all issues of fact and law raised by the allegations of this Complaint.


Respectfully Submitted,
KELLYE GILCHRIST, Plaintiff
By: s/ *Bruce Winters*
Bruce Winters, Attorney for Plaintiff


Dated: February 7, 2022

Bruce Winters
ARDC#: 633560
Attorney for Plaintiff
Legal Aid Society
101 N. Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 986-4122
WintersB@metrofamily.org